# EXHIBIT

# R



**COMMUNITY COLLEGE OF RHODE ISLAND**
**OFFICE OF HUMAN RESOURCES AND INSTITUTIONAL EQUITY**

February 28, 2022

Mr. Steven Murray
39 Treasure Road
Narragansett, RI 02882

Sent electronically to smurray@ccri.edu

Re: Notice of Formal Complaint & Investigation

**PERSONAL AND CONFIDENTIAL**

Dear Mr. Murray:

The Community College of Rhode Island (hereinafter "CCRI") received a Formal Complaint from Ms. Sandra Luzzi Sneesby, Ms. Tara Abbascia, and Ms. Elizabeth Del Sesto ("Complainants"), that alleges you ("Respondent") were involved in violations of CCRI's Council on Postsecondary Education Title IX Sexual Harassment Policy and Procedures (hereinafter, "Title IX Policy) and/or CCRI's Council on Postsecondary Education Nondiscrimination Policy and Complaint Procedures (hereinafter, "Nondiscrimination Policy"), specifically,

*1: Ms. Luzzi Sneesby writes: Steve had emailed the faculty stating derogatory things about me or my performance in my work. I have asked him to stop and he has not. Steve sends emails to the faculty with falsehoods. Steve bullies me and others in meetings. He is condescending and dismissive and particularly targets females.*

*2: Ms. Tara Abbascia writes: There have been multiple instances of bullying and trying to ruin my reputation through email where the CCRIFA is included and in an private email thread with myself and Leslie Florio (NEARI Uniserv). He has called me a "lame duck" president and has called my ability to continue doing my job as the union president into question upon my announcement to leave the college in June. I feel as though the emails to the CCRIFA are unprofessional and bullying in nature. He has called for my resignation and has verbally told faculty members that he is trying to "oust" me as CCRIFA President. In the private email thread, Mr. Murray demanded that I make a statement to the faculty and when I refused he threatened to forward the email thread to the CCRIFA. I told him that he was more than welcome to forward that communication to whomever he felt it necessary. His interaction through email is inappropriate in a workplace. Other faculty members have replied to his emails noting his bullying and unprofessional rhetoric. I feel that I have been targeted not only as the union president but also because I am a woman. I believe that there are several other faculty members that have been affected by Mr. Murray's behavior over the years and this should not be allowed to continue.*

*I feel that I am being target as the president of the union and as a woman. I feel that he does not go after men in the same disparaging way in email that he does women.  Other women in the faculty have called him out for his bullying behavior towards women.  I am no longer willing to tolerate his unprofessional, bullying, threatening, tone in emails.*

*3: Ms. Elizabeth Del Sesto writes: On Thursday, January 19 at 15:53 I sent all department chairs an informational email regarding the updates to the PTFA contract Article 11.7 and the effect such updates had on payroll that was to be submitted by chairs to their dean on Friday, January 20. Steven Murray replied to this email on Thursday, January 19 at 16:36 saying it was the first time he heard such information. On Friday, January 20 at 10:37, I replied with more detail and attached email exchanges we had months prior with the information of which he claimed he was unaware (see both emails attached). Almost immediately following my response sent at 10:37, Steven Murray unexpectedly came to my office to complain and vent about the email exchange we had related to the updated PTFA contract - something of which I had no control over, nor do I have control over now. From my perception, he came to my office angrily and unprofessionally, as he was red in the face, flailing his arms, and speaking loudly. He used phrases such as "This is ridiculous." "I'm not going to do it" "I'm still waiting on my dean...," insinuating that Dean Stargard had not done what he was supposed to do related to this matter. I cannot recall all of his exact words but in summary he was complaining and speaking negatively about the PTFA contract, administration, and the dean and his role. I was completely caught off guard by his unexpected visit and his demeanor. I am simply the subject matter expert in Academic Affairs for all PTFA-related items. Other department chairs asked me about my informational email for clarity and I responded to them with the same or a similar response, to which they were all receptive to my answers; Steven Murray was the only chair that arrived at my office in such a manner. This is not the first time I have felt uncomfortable or caught off guard by the nature of Steven Murray's demeanor and presence; however, this is the first time it has been directed toward me and has happened in my office and, therefore, I feel compelled to file this complaint.*

This letter is to notify you that CCRI will be conducting an impartial investigation of this matter in accordance with the enclosed policies and procedures. The Title IX Policy and the Nondiscrimination Policy (together, the "Policies") provide both parties with equal rights and an equal opportunity to be heard. Under the Policies, and as required by the U.S. Department of Education, a Respondent is presumed not responsible for the allegations in a Formal Complaints unless and until a determination regarding responsibility is made at the conclusion of the process.

You will be given the opportunity to provide any relevant information you may have in response to this matter, provide names of possible witnesses, and assist us in completing a timely and thorough review. During the investigation and resolution process, you may be accompanied by an advisor of your choice to any interview, meeting, or hearing. The advisor may be, but does not have to be, an attorney. The advisor may not advocate on your behalf or actively participate in meetings, with the exception that the advisor is permitted to conduct questioning at a hearing. If you do not have an advisor for the purpose of conducting questioning at a hearing, CCRI will provide one to you solely for that purpose.

As part of CCRI's investigation and resolution process, both parties will have the right to inspect and review all evidence directly related to the allegations in the Formal Complaints.

Please be advised that you will be contacted by a trained Title IX investigator to schedule an initial meeting to discuss the Formal Complaints. Please come to this meeting prepared to discuss the allegations, to answer questions, and to provide information and evidence (including the names of potential witnesses) you believe is relevant. This meeting *will not* be your only opportunity to provide information and evidence during the investigation.

If your schedule does not permit you to meet at the proposed time, please contact the investigator as quickly as possible so that the meeting may be rescheduled. When you meet with the investigator, you may bring an advisor of your choice with you.

Retaliating against any individual for filing a complaint or participating in an investigation is prohibited by law and the Policies. Persons who violate this policy may be subject to disciplinary action and/or sanctions. Retaliation exists when an individual harasses, intimidates or takes other adverse actions against a person because of the person's participation in an investigation of discrimination or sexual misconduct or their support of someone involved in an investigation of discrimination or sexual misconduct. Retaliatory actions include, but are not limited to, threats or actual violence against the person or their property, adverse educational or employment consequences, ridicule, intimidation, bullying, or ostracism. Please notify our office immediately if you believe that you or others are being retaliated against in connection with our review.

Attached to the email with this letter you will find copies of the Policies.


Sincerely,

*/s/ Kara DiPaola*

Kara DiPaola, Esq.
Assistant Director, Affirmative Action & Equal Opportunity
Title IX & Section 504/ADA Coordinator

Attachment(s):    Council on Postsecondary Education Title IX Sexual Harassment Policy
                  and Procedure; Council on Postsecondary Education Nondiscrimination
                  Policy and Complaint Procedures

CC:     Sybil Bailey, Director of Human Resources
        Alix Ogden, Special Advisor to the President
        Leslie Florio, NEARI, Assistant Executive Director UniServ
        Rosemary Costigan, Vice President for Academic Affairs