UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

STEVEN D. MURRAY,

        *Plaintiff*,

  v.

COMMUNITY COLLEGE OF RHODE ISLAND, alias, COUNCIL ON POST SECONDARY EDUCATION, alias, and ROSEMARY COSTIGAN, alias, in her individual and official capacities,

        *Defendants*.

C.A. No. 1:23-cv-00469-WES-LDA

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS IV, V, VI, AND VIII OF PLAINTIFF'S VERIFIED COMPLAINT

Under Federal Court Rule of Civil Procedure 12(c), Defendants, Community College of Rhode Island ("CCRI"), Council on Post Secondary Education and Rosemary Costigan, in her individual and official capacities, move for a judgment on the pleadings as to Counts IV, V, VI, and VIII of Plaintiff's Verified Complaint. Plaintiff has pled claims against Defendants alleging violations freedom of speech and association under Article 1, § 21 of the Rhode Island Constitution (Counts IV, V, and VI) and violations of due process under Article 1, § 2 of the Rhode Island Constitution (Count VIII). All four counts fail as a matter of Rhode Island law because the constitutional clauses do not provide for private causes of action.

1

### I. Standard of Review

A motion for judgment on the pleadings under Rule 12(c) requires the Court to view the facts alleged in the pleadings in a light most favorable to Plaintiff and draw all reasonable inferences therefrom. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006). The Court may enter a judgment on the pleadings "if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Id.* at 54.

In this motion, Defendants will not summarize the allegations pled in Plaintiff's Verified Complaint. Even accepting the truth of what Plaintiff has alleged, his counts against Defendants brought via the Rhode Island Constitution do not state any claims upon which relief can be granted.

### II. Argument

In Counts IV, V, VI, and VIII, Plaintiff has pled direct causes of action pursuant to Article 1 of the Rhode Island Constitution, asserting an implied cause of action in the due process clause in section 2, and the freedom of speech clause in section 21. The Rhode Island Supreme Court, however, has not recognized such implied causes of action, and a federal court should not do so in the first instance. Particularly, the Rhode Island Supreme Court and this Court have exhibited considerable caution when addressing whether implied causes of action exist pursuant to the Rhode Island Constitution. *See Doe v. Brown Univ.*, 253 A.3d 389, 399 (R.I. 2021) (considering whether the antidiscrimination clause in Article 1, § 2 of the state constitution provided a private cause of action "within the framework of our well-settled jurisprudence and its adherence to judicial restraint"); *Ricci v. Rhode Island*, No. 120-CV-00543-MSM-PAS, 2023 WL 4686025, at *11 (D.R.I. July 21, 2023) (discussing *Bandoni v. State*, 715 A.2d 580 (R.I. 1998), and noting Rhode Island Supreme Court's reluctance to recognize implied causes of action under the Rhode Island Constitution).

The Rhode Island Supreme Court has stated that the threshold question in determining whether a constitutional clause contains an implied cause of action is whether or not the clause is self-executing. *Bandoni*, 715 A.2d at 586. In order to be "self-executing," a constitutional provision must "supply 'a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed be enforced.'" *Brown University*, 253 A.3d at 399 (quoting *Bandoni*, 715 A.2d at 586). By contrast, a provision is not self-executing if it "expresses only general principles and does not supply a sufficient rule of law by which the rights under the clause may be enjoyed, protected, and enforced." *Id*. at 400. Additionally, even if a clause is found to be self-executing, "principles of judicial restraint prevent [the Court] from creating a cause of action for damages in all but the most extreme circumstances." *Bandoni*, 715 A.2d at 594-95.

### A. Article 1, § 2 of the Rhode Island Constitution is Not Self-Executing and Therefore Does Not Contain an Implied Cause of Action.

Article 1, § 2 of the Rhode Island Constitution provides:

> All free governments are instituted for the protection, safety, and happiness of the people. All laws, therefore, should be made for the good of the whole; and the burdens of the state ought to be fairly distributed among its citizens. No person shall be deprived of life, liberty or property without due process of law, nor shall any person be denied equal protection of the laws. No otherwise qualified person shall, solely by reason of race, gender or handicap be subject to discrimination by the state, its agents or any person or entity doing business with the state. Nothing in this section shall be construed to grant or secure any right relating to abortion or the funding thereof.

The Rhode Island Supreme Court has held that Article 1, § 2 "expresses only general principles," and is not self-executing in the context of the antidiscrimination clause contained therein. *Brown University*, 253 A.3d at 400. Applying Rhode Island law, Chief Judge McConnell and Judge McElroy have similarly found that there is no implied cause of action for due process claims brought under Article 1, § 2. *Fosu v. Univ. of R.I.*, 590 F. Supp. 3d 451, 460 (D.R.I. 2022)

(citing *Folan v. State Dep't of Children, Youth, and Families*, 723 A.2d 287, 292 (R.I. 1999)); *Ricci*, 2023 WL 4686025, at *12 ("The due process clause and equal protection clause are twin branches of the same tree and there is no reason to believe the Rhode Island Supreme Court would recognize a direct cause of action under the former after having rejected the same claim under the latter."). Like the clause prohibiting discrimination by the state, the assertion in the due process clause that "[n]o person shall be deprived of life, liberty or property without due process of law" "expresses only general principles and does not supply a sufficient rule of law by which the rights under the clause may be enjoyed, protected, and enforced." *Brown University*, 253 A.3d at 400 (discussing Article 1, § 2). As such, the due process clause of the Rhode Island Constitution is not self-executing and does not contain an implied cause of action.

A judgment should enter in Defendants' favor as to Count VIII of Plaintiff's Verified Complaint.

### B. Article 1, § 21 of the Rhode Island Constitution is Not Self-Executing and Therefore Does Not Contain an Implied Cause of Action.

Article 1, § 21 of the Rhode Island Constitution provides that "[t]he citizens have a right in a peaceable manner to assemble for their common good, and to apply to those invested with the powers of government, for redress of grievances, or for other purposes, by petition, address, or remonstrance. No law abridging the freedom of speech shall be enacted." The Rhode Island Supreme Court has not specifically recognized an implied cause of action under this clause. Chief Judge McConnell held that Article 1, § 21 does not supply a private cause of action for violations of freedom of speech. *Fosu*, 590 F. Supp. 3d at 460 (citing *Felkner v. R. I. Coll.*, 203 A.3d 433, 447 (R.I. 2019)).

4

Section 21 is not self-executing for the same reasons the due process and antidiscrimination clauses in section 2 are not self-executing—it contains merely a general statement of principles, and does not explain how the rights espoused may be protected and enforced. In *Bandoni*, the Rhode Island Supreme Court analyzed Article 1, § 23 of the state constitution, which sets forth the rights of victims of crime. Section 23 provides, if anything, more specificity as to the right created than § 21, asserting that victims of crime "shall be entitled to receive, from the perpetrator of the crime, financial compensation for any injury or loss caused by the perpetrator of the crime" and "shall have the right to address the court regarding the impact which the perpetrator's conduct has had upon the victim." Still, after a lengthy analysis, the Rhode Island Supreme Court found that section 23 is not self-executing. *Bandoni*, 715 A.2d at 587.

The Court should find the same here regarding section 21. At the very least, the Court should refrain from finding section 21 creates an implied cause of action, because a federal court should not recognize an implied cause of action under the Rhode Island Constitution absent clear direction from the Rhode Island Supreme Court.

A judgment should enter in Defendants' favor as to Counts IV, V, and VI of Plaintiff's Verified Complaint.

### III.  Conclusion

For the above-stated reasons, the Court should grant Defendants' Rule 12(c) motion as to Counts IV, V, VI, and VIII of Plaintiff's Verified Complaint.

                                      DEFENDANTS

                                      COMMUNITY COLLEGE OF RHODE ISLAND, COUNCIL ON POST SECONDARY EDUCATION and ROSEMARY COSTIGAN

                                      By Their Attorney,

                                      /s/ Steven M. Richard
                                      Steven M. Richard (#4403)
                                      Nixon Peabody LLP
                                      One Citizens Plaza, Suite 500
                                      Providence, RI 02903
                                      Tel: 401-454-1020
                                      Fax: 401-454-1030
Dated: December 15, 2023         srichard@nixonpeabody.com

## CERTIFICATE OF SERVICE

I certify that, on December 15, 2023, Defendants' Rule 12(c) motion was filed and served via the Court's CM/ECF system.

                                        /s/ Steven M. Richard