UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN D. MURRAY, :<br>*Plaintiff* :<br>v. :<br>:<br>COMMUNITY COLLEGE OF :<br>RHODE ISLAND, alias, COUNCIL ON :<br>POST SECONDARY EDUCATION, alias,:<br>and ROSEMARY COSTIGAN, alias, :<br>in her individual and official capacities, :<br>*Defendants* : | C.A. No. 1:23-cv-00469-WES-LDA |

### PLAINTIFF'S MOTION TO STRIKE IMMATERIAL, IMPERTINENT, OR SCANDALOUS STATEMENTS FROM DEFENDANTS' ANSWER

#### I.  Introductory Statement

Pursuant to rule 12(f) of the Federal Rules of Civil Procedure Plaintiff, Steven J. Murray hereby files this Motion to Strike the following paragraphs from Defendant's verified answer: ¶19, ¶25, ¶50, ¶52, ¶140, ¶176, ¶177, and ¶178, as well as ¶19 of the Declaration of Alix Ogden filed in support of Defendants' objection to Plaintiff's motion for temporary restraining order and preliminary injunctive relief.  Plaintiff makes this request because the statements are immaterial, impertinent, scandalous, and prejudicial.

#### II.  A Motion to Strike is Appropriate in this Instance

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have "considerable discretion" to strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988). "Scandalous material is that which 'casts an adverse light on the character of an individual or party.'" *Alvarado Morales v. Dig. Equip. Corp.,* 669 F. Supp. 1173, 1186 (D.P.R. 1987) (citations omitted). "The touchstone that should guide courts in analyzing motions to strike… is prejudice to

the moving party." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,* 182 F.R.D. 386, 399 (D.R.I. 1998). *See also, Amoco Oil Co. v. Local 99, IBEW*, 536 F. Supp. 1203, 1225 (D.R.I. 1982) (a court will approve a 12(f) motion to strike when the material is "clearly prejudicial to the movant"). The paragraphs in question are prejudicial because they are self-serving, subjective, baseless, and scandalous characterizations of Plaintiff. They contain no dates, times, places, people, content, or description of the alleged improper conduct. They are bald faced, sweeping characterizations and/or statements of opinion without disclosure of any underlying facts to support them. There is no context nor anything in the record to support or provide the reader the basis of such conclusions. The use of such naked invective is unhelpful, prejudicial, and should be stricken.

In *Alvarado-Morales,* the court approved the motion to strike because "federal courts do not provide a forum for mudslinging, name calling, and 'privileged' defamation." 669 F. Supp. at 1187. The court found no support for Plaintiff's characterizations that they were "tortured psychologically" and subjected to "brainwash" by defendant. *Id*. at 1186-87. Specifically, the court noted that the plaintiffs' own supporting deposition testimony failed to support the mudslinging in question. *Id*.

Typically, courts will not strike affidavits under rule 12(f) because they are not defined as pleadings under the FRCP. *Autila v. Mass. Bay Transp. Auth.*, 342 F.R.D. 23, 28-31 (D. Mass. 2022). *But See Holloman v. Clarke*, 244 F. Supp. 3d 223, 227 (D. Mass. 2017) (affidavits are subject to rules 12(f) if they are part of a pleading). However, this Honorable Court has the inherent power to strike improper statements contained in any filing. "The inherent powers of federal courts are those which are necessary to the exercise of all others." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) (internal quotation and citation omitted). Rather than a specific rule or statute, inherent powers arise from the need to protect "the due and orderly administration of justice." *Id*. at 764-65. Accordingly, this court may

strike a party's submissions other than pleadings. Courts use both rule 12(f) and its inherent striking power to strike affidavits or statements contained within affidavits. *See Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1202 (D. Nev. 2009) (the court *sua sponte* utilizes rule 12(f) to strike statements in Plaintiff's complaint, including a supporting exhibit); *Avendano v. Sec. Consultants Grp.*, No. 3:13-cv-00168-HDM-VPC, 2014 U.S. Dist. LEXIS 162592 (D. Nev. Nov. 19, 2014) (the court utilizes rule 12(f) to strike immaterial statements in an affidavit filed with a show cause brief).

### III.   Argument

Defendants' baseless characterizations of Plaintiff as an abusive bully are substantially similar to the stricken language in *Alvardo-Morales*. In ¶19 of their answer, Defendants state, "Often, plaintiff treats peers and community members with disrespect and belittles them through improper bullying tactics and behaviors." This sentence should be stricken because it only serves the defendant by impugning Plaintiff's character without any basis in evidence. As such, it is the first example of Defendants prejudicially portraying Plaintiff as an inherently bad person. Plaintiff moves the Court strike the entire paragraph, or in the alternative the following clause "…with disrespect and belittles them through improper bullying tactics and behaviors."

In ¶25, Defendants states, "The CCRI Defendants deny that Plaintiff has fully and accurately described his purported 'clashes' with administration, including his failure to describe his often improper mistreatment of others through disparagement and bullying tactics." Defendant again attacks Plaintiff's character without any support. As such, Plaintiff moves that the Court strike the entire first sentence from this paragraph or in the alternative the following clause ". . . his often improper mistreatment of others through disparagement and bullying tactics."

In ¶50, Defendants "admit that Plaintiff has selectively quoted from a portion of Sneesby's Incident Report Form, while omitting its description of how Plaintiff sent emails with falsehoods

and bullied and targeted Sneesby and others." If defendants wish to characterize Plaintiff as a liar and a bully, they owe him the courtesy of pointing to how they reached this conclusion, otherwise the attack on his character is scandalous and prejudicial. Defendant is required to support this characterization with evidence—that it claims exists—and failure to do so is fundamentally unfair. Plaintiff moves that the Court strike this paragraph, or in the alterative the following clause "…falsehoods and bullied and targeted…"

In ¶52, Defendants state, "The CCRI Defendants admit only that Sneesby was active in matters pertaining to the Faculty Senate, but they deny Plaintiff's purported justifications for his mistreatment and bullying of peers and community members." This paragraph continues the theme of impugning Plaintiff's character without any supporting evidence and should be stricken. In the alternative, Plaintiff moves that the Court strike the following clause "…mistreatment and bullying…"

In ¶140 Defendants state, "The CCRI Defendants admit that Plaintiff is not currently assigned to teach any courses in the Spring 2024, while he remains on administrative leave and under investigation for his alleged improper behaviors and mistreatment of others in violation of CCRI workplace policies." Plaintiff moves that the Court strike this paragraph, or in the alternative the clause "…improper behavior and mistreatment of others…"

Paragraphs 176, 177, and 178 all state "Denied, because Plaintiff was properly placed on administrative leave with pay pending the investigation of his alleged disrespectful, abusive, and hostile conduct towards others at CCRI." Defendant's characterization of Plaintiff's conduct as "hostile and abusive" is a serious allegation. Such an allegation is scandalous if it is not based on tangible evidence. Throughout its twenty-seven (27) page answer, Defendants fails to describe any conduct that one could characterize in this manner. In fact, Defendant neglects to describe Plaintiff's conduct—that's it asserts is essential to their defense—in any way, shape, or form. No

person reading Defendants' answer could conclude that their scandalous description of Plaintiff was included for any reason other than an attempt to prejudice him. Therefore, Plaintiff moves that the Court strike these paragraphs, or in the alternative the clause "disrespectful, abusive, and hostile…" language contained in each.

Lastly, Plaintiff moves that the Court strike the following language from ¶19 of the Declaration of Alix Ogden submitted in support of Defendants' opposition to Plaintiff's motion for temporary restraining order and preliminary injunctive relief: "…improper bullying, abusive mistreatment, and coercive behaviors towards others…" Affidavits are employed at this stage of the litigation and in this context to establish *facts* supporting or rebutting a position of a party or other facts in the record. The above language is immaterial and impertinent because **it does not establish a *fact***, it is a lay opinion characterization of conduct and/or character without disclosure of the underlying facts on which the opinion is based. It is prejudicial because it is self-serving, subjective, baseless, and scandalous and impugns the Plaintiff's character. The use of such naked invective is unhelpful and prejudicial. This language is scandalous because without describing the conduct that led the declarant to form the characterization, it is immaterial, conclusory, and prejudicial to Plaintiff.

## IV.   Conclusion

For the foregoing reasons, this Honorable Court should either strike in their entirety or at least so much of ¶19, ¶25, ¶50, ¶52, ¶140, ¶176, ¶177, and ¶178 in Defendant's Answer and ¶19 of Declaration of Alix Ogden containing the immaterial, impertinent, scandalous and/or prejudicial language as defined within the meaning of FRCP 12(f).

                                            Plaintiff,
                                            By his attorneys,
                                            **Sinapi Law Associates, Ltd.**

**Date:  December 22, 2023**                /s/ **Richard A. Sinapi**
                                            **Richard A. Sinapi, Esq**.  (#2977)
                                            **Chloe A. Davis, Esq.** (#9334)
                                            2374 Post Road, Suite 201
                                            Warwick, RI 02886
                                            Phone:  (401) 739-9690; FAX:  (401) 739-9040
                                            Email: ras@sinapilaw.com; cad@sinapilaw.com

## CERTIFICATION OF SERVICE

    I hereby certify that on the **22nd** day of **December 2023, t**his document was electronically served on the below attorney of record on the above date:

**Steven M. Richard, Esq.**
**Nixon Peabody LLP**
**One Citizens Plaza, Suite 500, Providence, RI 02903-1345**
**Email:  srichard@nixonpeabody.com**
**T/ 401.454.1020  M/ 401.580.3406  F/ 866.947.1332**

                                            /s/ **Richard A. Sinapi, Esq,**