## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN D. MURRAY,<br><br>   *Plaintiff*,<br><br>v.<br><br>COMMUNITY COLLEGE OF RHODE ISLAND, alias, COUNCIL ON POST SECONDARY EDUCATION, alias, and ROSEMARY COSTIGAN, alias, in her individual and official capacities,<br><br>   *Defendants*. | C.A. No. 1:23-cv-00469-WES-LDA |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR STRIKE

In this nascent stage of this litigation, Plaintiff Steven D. Murray has engaged in a scorched-earth approach through voluminous filings, including pleadings and memoranda filled with bluster and streams of adjectives and adverbs. Apparently, Plaintiff believes that only he gets to speak or that he can dictate how defendants may respond to his accusations hurled against them.

Plaintiff overlooks how he has disparaged and attacked the Defendants throughout his filings. Plaintiff cannot have it both ways. Similar to his conduct in the workplace, Plaintiff insists that he is entitled to the last word and should be able to shut down anyone with whom he disagrees.

As the Court has warned, motions to strike are too often filed to effectuate gamesmanship. *See Doe v. Brown Univ.*, 304 F. Supp. 3d 252, 266 (D.R.I. 2018) ("[W]hile ruling on a motion to strike is committed to the district court's sound judgment, such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion. This is so because striking a portion of a pleading is a drastic remedy and . . . it is often sought by the movant simply a dilatory or harassing tactic.") (quoting *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59

1

(1st Cir. 2013) (citation and quotation marks omitted). *See also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1382 (2009 Supp.) (Motions to strike, however, are not favored, since '[m]odern litigation is too protracted and expensive for litigants and the court to expend time and effort pruning or polishing the pleadings.").

For the reasons stated below, Plaintiff's motion should be denied.

## I. Standard of Review

Rule 12(f) endows the Court with "considerable discretion" to strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pr. 12(f). Motions to strike are rarely granted without a showing of prejudice to the moving party. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 398 (D.R.I. 1998) ("the movant must demonstrate that prejudice would result if the offending material remained in the pleadings.). "[T]he proponent of such a motion must carry a formidable burden." *Reverse Mortg. Sols, Inc. v. Est. of Velez-Yumet*, 16-cv-2350 (CCC), 2017 WL 3316045, at *1 (D.P.R. July 31, 2017).

"[R]edundant matter . . . consists of allegations" which amount to "needless repetition of other averments." *Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 3d 240, 246 (D. Mass. 2011). A statement is "immaterial" when "it has no essential or important relationship to the claim for relief . . ." *U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. King*, C.A. No. 1:19-cv-00119-JDL, 2020 WL 3064423, at *1 (D. Me. Sept. 9, 2020). Similarly, an "impertinent" matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. Scandalous matter constitutes statements that "improperly cast[] a derogatory light on someone." *Caney v. Town of Weare*, C.A. No. 15-cv-291-LM, 2016 WL 320128, at *5 (D.N.H. Jan. 26, 2016 (citation omitted). As to scandalous matter, "it is not enough that the matter offends

4856-3639-8489.1

the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) (citation omitted).

**II.     Argument**

    **A.     The Court should not strike any part of Defendant's answer.**

Throughout his filings, Plaintiff claims that he has done nothing wrong in the workplace and has not mistreated others, which the CCRI Defendants strongly dispute. Plaintiff wrongly proclaims that he has been "exonerated" of any workplace mistreatment of peers and colleagues. Plaintiff's 200-paragraph pleading is filled with unflattering (and strongly disputed) characterizations of defendants. Plaintiff identifies by name three complainants who accused him of mistreatment in the workplace, and he even goes so far as to disclose unnecessarily that he once had a romantic relationship with one of them. Anything is fair game in Plaintiff's view as it relates to what he can include in his filings, but he is thin-skinned when it comes to defendants' responses.

Plaintiff wants the Court to strike the CCRI Defendants' responses to eight of the 200 paragraphs in their answer responding to the verified complaint (¶¶ 19, 25, 50, 52, 140, 176-78). Plaintiff's conduct in the workplace is a central, material, and disputed issue in this litigation. Other than Plaintiff's sensibilities, he has not articulated how he is or will be prejudiced in any way by the CCRI Defendants' responses in their answer that he engaged in improper workplace behavior and mistreated co-workers. *See, e.g.*, *United States v. Paskn, Inc.*, No. 2:15-cv-09064-SBAGR, 2022 U.S. Dist. LEXIS 126688, at *5-6 (C.D. Cal. Feb. 7, 2022) ("[A]ny benefit [to a motion to strike] is usually outweighed by its cost, potential for needless delay, and the risk of premature adjudication on an undeveloped factual and legal record. As a result, . . . [a motion to strike] should be denied unless the challenged assertions have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant

prejudice to one or more of the parties to the action."); *FTC v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) ("[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party") (quoting *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009)).

Plaintiff has not shown how any of the paragraphs that he wants stricken bear no possible relationship to the controversy that he has placed at issue – his conduct in the workplace. There is no prejudice to Plaintiff that would confuse this litigation, place any undue burden upon him in discovery or going forward, or otherwise impair him in the presentation of his claims.

### B. The Court should not strike paragraph 19 of Alix Ogden's declaration.

Rule 12(f) applies to "pleadings," and a sworn declaration is not a "pleading." Plaintiff seeks that this Court exercise its inherent power to strike a paragraph (¶ 19) of the declaration filed by Alix Ogden (ECF No. 14-1). Again, Plaintiff wants the language stricken only because he does not like what it says about him. Ms. Ogden summarizes the evidence in the initial investigation that CCRI conducted in response to the complaints against Plaintiff and articulates the reasons for CCRI's decision to refer the matter to its Office of Human Resources for further investigation and review. These are facts relevant to the matters before the Court at this time and going forward during discovery in this litigation.

### III. Conclusion

Plaintiff's motion to strike is an unnecessary filing that should be denied by the Court.

|  |  |
|---|---|
|  | COMMUNITY COLLEGE OF RHODE ISLAND, COUNCIL ON POST SECONDARY EDUCATION and ROSEMARY COSTIGAN<br><br>By Their Attorney,<br><br>/s/ Steven M. Richard<br>Steven M. Richard (#4403)<br>Nixon Peabody LLP<br>One Citizens Plaza, Suite 500<br>Providence, RI 02903<br>Tel: 401-454-1020<br>Fax: 401-454-1030 |
| Dated:  December 26 2023 | srichard@nixonpeabody.com |

CERTIFICATE OF SERVICE

I certify that, on December 26, 2023, Defendants' opposition was filed and served via the Court's CM/ECF system.

/s/ Steven M. Richard

4856-3639-8489.1