```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
STEVEN D. MURRAY,                   )
                                    )
       Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 23-469 WES
                                    )
COMMUNITY COLLEGE OF RHODE ISLAND,  )
alias, COUNCIL ON POST SECONDARY    )
EDUCATION, alias, and ROSEMARY      )
COSTIGAN, alias, in her individual  )
and official capacities,            )
                                    )
       Defendants.                 )
_____)

## ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief ("Motion"). ECF No. 2. In his Motion, Plaintiff alleges that Defendants have retaliated against him for engaging in protected speech and association, violated his due process rights, and continue to infringe on his freedom of speech and association by placing him on administrative leave.

To obtain preliminary injunctive relief, the movant must show: "(1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public

interest." Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 171 (1st Cir. 2015).

The Court finds as follows with respect to Plaintiff's various claims for injunctive relief: First, Plaintiff has not met his burden with respect to the likelihood of success on the merits of his First Amendment retaliation for speech or association claims. See Decotiis v. Whittemore, 635 F.3d 22, 29-30 (1st Cir. 2011) (providing the elements of a First Amendment retaliation for speech claim claim); Mullen v. Tiverton Sch. Dist., 504 F. Supp. 3d 21, 30-31 (D.R.I. 2020) (regarding retaliation for association). Defendant Community College of Rhode Island ("CCRI") extended Plaintiff's administrative leave based on evidence gathered during the investigation of the Title IX complaint. DXA, Decl. of Alix Ogden ¶¶ 19-20, ECF No. 14-1. That evidence shed light on interactions over the years between Plaintiff and faculty that did not consistently involve union matters or matters of public concern and which could reasonably be perceived as interfering with "the efficiency of the public services [CCRI] performs through its employees." Decotiis, 635 F.3d at 29; see Mullen, 504 F. Supp. 3d at 28 ("A public employee speaking pursuant to their official duties is not speaking as a private citizen and such speech does not insulate their communication from an adverse employment action."); see also PXII, Confidential Investigation and Report to

CCRI Concerning Steven D. Murray 5-57, ECF No. 15-12.  Nor has Plaintiff met his burden with respect to the likelihood of success on the merits of his due process claim, given his placement on paid administrative leave and his access, through the collective bargaining agreement, to procedures to address any disciplinary action.  See Collins v. Univ. of N.H., 664 F.3d 8, 16-17 (1st Cir. 2011).

Second, regarding Plaintiff's First Amendment infringement claims, Plaintiff has demonstrated a likelihood of success on the merits, at least with respect to the restriction as to whom he may talk to and about what.  The limitation imposed by Defendant CCRI that he "have no contact with college employees or students during the period of [his] leave, excluding those communications connected to [his] union work," PXV, Letter from Sybil Bailey to Steven Murray (Oct. 1, 2023), ECF No. 2-24, precludes potentially protected speech on matters of public concern and does not "alleviate [real] harms in a direct and material way," United States v. Nat'l Treasury Emps. Union, 513 U.S. 454, 475 (1995) (quoting Turner Broad. Sys., Inc. v. FCC, 512 U.S. 622, 664 (1994)).  Further, is it not narrowly tailored to the presumably compelling interest of addressing the allegations against Plaintiff.  Reed v. Town of Gilbert, 576 U.S. 155, 171 (2015).  The same can be said of Defendant CCRI's banishment of Plaintiff

from campus because the campus is a public forum, and the restriction is not narrowly tailored to address the particular allegations against Plaintiff. See Pl.'s Reply 14-15, ECF No. 15; Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 799-800, 802-03 (1985).

Third, Plaintiff has not met his burden of showing likely success with respect to accessing the CCRI email system. See Pichelmann v. Madsen, 31 F. App'x 322, 327 (7th Cir. 2002) (finding no limited public forum with respect to an email system).

For the other elements of preliminary injunctive relief, as applied to Plaintiff's claims regarding the ban on contacting CCRI community members and banishment from campus, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). For balancing of equities, Plaintiff has established hardship. See Comcast of Me./N.H., Inc. v. Mills, 435 F. Supp. 3d 228, 250 (D. Me. 2019), aff'd, 988 F.3d 607 (1st Cir. 2021). Finally, "[t]he public interest is served by protecting First Amendment rights from likely unconstitutional infringement." Id.

Accordingly, the Court GRANTS Plaintiff's Motion as it relates to campus access and communication with the CCRI community. The Court ORDERS that Plaintiff be permitted to communicate with

members of the CCRI community except for the complainants and witnesses involved in the Title IX and subsequent CCRI proceedings. Additionally, the Court ORDERS that Plaintiff be permitted to access the public areas of Defendant CCRI's campuses and facilities, to the extent that any other member of the public has such access.  The Court defers ruling as to whether Plaintiff may attend and participate in CCRI committees, given the representation at the hearing that no committee meetings are scheduled in January and the result of the investigation is likely to change Plaintiff's status in the interim.[1]  Defendant CCRI may further amend the restrictions so long as they comply with the First Amendment.  In all other respects, the Motion is DENIED.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
District Judge
Date: January 8, 2024

---

[1] In the event circumstances change, Plaintiff may return to the Court.