UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
STEVEN D. MURRAY,                  )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 23-469 WES
                                   )
COMMUNITY COLLEGE OF RHODE ISLAND, )
alias, COUNCIL ON POST SECONDARY   )
EDUCATION, alias, and ROSEMARY     )
COSTIGAN, alias, in her individual )
and official capacities,           )
                                   )
        Defendants.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is Defendants' Motion for Judgment on the Pleadings, ECF No. 13. Defendants Community College of Rhode Island ("CCRI"), Council on Post Secondary Education, and Rosemary Costigan (collectively, "Defendants") move to dismiss Plaintiff Steven D. Murray's claims for purported violations of his rights under the Rhode Island Constitution. Defendants contend that Murray asserts claims under constitutional provisions that are not self-executing as private causes of action. For the reasons set forth herein, the Motion is GRANTED.

**I. BACKGROUND**

This case arises from an employment dispute between CCRI and one of its long-serving professors, Steven D. Murray. Murray is

an active participant in CCRI's faculty union – the Community College of Rhode Island Faculty Association ("CCRIFA"). Verified Compl. ("Compl.") ¶ 13, ECF No. 1. He currently serves as CCRIFA Vice President and previously served as President from 2016 to 2020. Id. ¶¶ 14-15. During his thirty-two-year tenure at CCRI, Murray regularly advocated on behalf of CCRIFA's members for the improvement of employment conditions. Id. ¶¶ 8, 19. As a result, Murray and CCRI officials, including Rosemary Costigan, frequently found themselves at odds. Id. ¶¶ 20-27.

Those tensions eventually hit a breaking point. In 2022, CCRI proposed a collective bargaining agreement that required CCRIFA's approval. Id. ¶ 33. Murray staunchly opposed the proposed agreement and sent a series of emails to CCRIFA's 280 members encouraging them to vote against approval. Id. ¶¶ 33-34. Thanks in part to Murray's efforts, CCRIFA's members overwhelmingly rejected the proposed agreement in November 2022. Id. ¶ 35. CCRI thereafter revised the proposed agreement, which Murray still strongly opposed, and scheduled a vote for April 2023. Id. ¶¶ 33, 36. However, before the second vote took place, CCRI placed Murray on administrative leave, citing a Title IX complaint that had been filed against him. Id. ¶¶ 36, 42. The Title IX complaint was later dismissed in October 2023. Id. ¶ 100.

Murray contends that CCRI knew that the Title IX claims were meritless but utilized them as pretext to silence him due to his

outspoken opposition. Id. ¶¶ 42-49. Consequently, on November 9, 2023, Murray commenced this civil rights action based on purported violations of his rights to freedom of speech, association, and due process under the United States Constitution and Rhode Island Constitution.[1] Id. ¶¶ 192-99. Defendants now move for judgment on the pleadings on the counts that Murray asserts under the Rhode Island Constitution. Defs.' Mot. J. Pleadings ("Mot.") 1, ECF No. 13.

## II. LEGAL STANDARD

Judgment on the pleadings is proper "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Jay Blahnik Inc. v. WaterRower, Inc., No. 1:21-cv-00026-MSM-PAS, 2022 WL 910929, at *4 (D.R.I. Mar. 29, 2022) (quoting Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007)). In other words, "[a] motion for judgment on the pleadings is appropriate when it is clear from the pleadings that the movant should prevail." Burns v. Conley, 526 F. Supp. 2d 235, 241 (D.R.I. 2007).

In assessing a motion for judgment on the pleadings under Rule 12(c), the Court applies "the same standard by which it decides a Rule 12(b)(6) motion." Am. States Ins. v. LaFlam, 808

---

[1] Murray also seeks redress under the Rhode Island Whistleblowers' Protection Act, R.I. Gen. Laws § 28-50-1, et seq. Verified Compl. ("Compl.") ¶ 200, ECF No. 1.

3

F. Supp. 2d 400, 403 (D.R.I. 2011). Therefore, the Court determines whether the allegations "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation and footnote omitted). In so doing, "the Court 'view[s] the facts contained in the pleadings in the light most flattering to the nonmovant[] . . . and draw[s] all reasonable inferences therefrom in [its] favor.'" Atain Specialty Ins. Co. v. Old River Rd. Dev., LLC, No. 1:22-cv-00380-MSM-LDA, 2023 WL 6276569, at *2 (D.R.I. Sept. 22, 2023) (alterations in original) (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006)).

**III. DISCUSSION**

Murray asserts four causes of action alleging violations of Article 1, Sections 2 and 21 of the Rhode Island Constitution.[2] Compl. ¶¶ 195-97, 199. Defendants aver that judgment on the pleadings is appropriate because those constitutional provisions do not create direct causes of action under Rhode Island law. Mot. 1. The Court agrees that Murray cannot maintain his claims under the Rhode Island Constitution.

---

[2] The Complaint contains one count under Article 1, Section 2 for Failure to Provide Due Process (Count VIII), as well as three counts under Article 1, Section 21: Impairment of Freedom of Speech (Count IV), Retaliation Against Protected Speech (Count V), and Retaliation for Association (Count VI).

The Rhode Island Supreme Court has held that constitutional provisions only provide a direct cause of action when they are "self-executing." Bandoni v. State, 715 A.2d 580, 586-87 (R.I. 1998). A "self-executing" provision is one that "supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed be enforced." Id. at 587 (quoting Davis v. Burke, 179 U.S. 399, 403 (1900)). Conversely, a provision is not self-executing "when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law." Id. (quoting Davis, 179 U.S. at 403).

The state supreme court has demonstrated a reluctance to create new causes of action by judicial interpretation, reasoning that "the function of adjusting remedies to rights is a legislative responsibility rather than a judicial task." Doe v. Brown Univ., 253 A.3d 389, 401 (R.I. 2021) (quoting Bandoni, 715 A.2d at 596). As a result, it has refrained from recognizing direct causes of action under the state constitution when state statutory law provides adequate remedies. Folan v. State/Dep't of Children, Youth, & Families, 723 A.2d 287, 292 (R.I. 1999). Additionally, it has consistently refused to find that sections under Article 1 provide direct causes of action. See, e.g., Brown Univ., 253 A.3d at 401 (finding no implied right of action under Article 1, Section 2's antidiscrimination clause); Smiler v. Napolitano, 911 A.2d

5

1035, 1039 n.5 (R.I. 2006) (same for Article 1, Section 5); Bandoni, 715 A.2d at 582, 596 (same for Article 1, Section 23); see also A.F. Lusi Const., Inc. v. R.I. Convention Ctr. Auth., 934 A.2d 791, 798 (R.I. 2007) (same for Article 3, Section 7).

### A. Failure to Provide Due Process Under Article 1, Section 2 of the Rhode Island Constitution

Murray asserts a cause of action for failure to provide due process under Article 1, Section 2 of the Rhode Island Constitution. The due process clause in Section 2 provides:

> No person shall be deprived of life, liberty, or property without due process of law, nor shall any person be denied equal protection of the laws.

R.I. Const. art. 1, § 2. Although the Rhode Island Supreme Court has yet to address the issue, this Court has found no implied right of action under the due process clause on two occasions. See Ricci v. Rhode Island, No. 1:20-cv-00543-MSM-PAS, 2023 WL 4686025, at *12 (D.R.I. July 21, 2023); Fosu v. Univ. of R.I., 590 F. Supp. 3d 451, 460 (D.R.I. 2022).

The Court finds that the Rhode Island Supreme Court would likely hold that the due process clause is not self-executing and does not support a direct cause of action. In Brown University, the Rhode Island Supreme Court held that Article 1, Section 2's antidiscrimination clause did not create an implied right of action because it expressed general principles and did not set forth a "workable rule of law." 253 A.3d at 400-01 (quoting A.F. Lusi

6

Constr., Inc., 934 A.2d at 798). Here, the due process clause parallels the antidiscrimination clause. Both clauses express general principles, are broad in scope, do not provide a procedural means for enforcing such rights, and are contained within the same constitutional section. See id. at 400 ("[A]rticle 1, section 2 expresses only general principles and does not supply a sufficient rule of law by which the rights under the clause may be enjoyed, protected, and enforced. . . ."). Moreover, the Rhode Island Supreme Court's continued reluctance to recognize causes of action under Article 1 reinforces this finding. See Kurland v. City of Providence, No. 18-cv-440-MSM-LDA, 2024 WL 850680, at *11 (D.R.I. Jan. 11, 2024) (noting the supreme court's hesitancy to create causes of action under Article 1).

In opposing Defendants' Motion, Murray points out that Judge Lagueux of this Court had previously held that the due process clause is self-executing and creates an implied right of action. See Jones v. Rhode Island, 724 F. Supp. 25, 35 (D.R.I. 1989). Murray's reliance on Jones is misplaced, however. When Judge Lagueux decided Jones in 1989, the Rhode Island Supreme Court had yet to address whether the state constitution created private causes of action. See id. Since then, the Rhode Island Supreme Court, through holdings like Brown University and Bandoni, has taken a clear stance by "repeatedly express[ing] reluctance to 'create a new cause of action' by judicial interpretation rather

7

than legislative enactment." Kurland, 2024 WL 850680, at *11 (citation omitted).[3]  It is ultimately those decisions that guide this Court's analysis.

Accordingly, because Murray cannot maintain a private cause of action under the due process clause of Article 1, Section 2, Defendants' Motion is GRANTED as to Count VIII.

**B.   Counts Asserted Under Article 1, Section 21 of the Rhode Island Constitution**

Murray also asserts three causes of action under Article 1, Section 21 based on violations of the rights to freedom of speech and association.  That section of the Rhode Island Constitution provides:

> The citizens have a right in a peaceable manner to assemble for their common good, and to apply to those invested with the powers of government, for redress of grievances, or for other purposes, by petition, address, or remonstrance.  No law abridging the freedom of speech shall be enacted.

R.I. Const. art. 1, § 21.  As with the due process clause, this Court has twice concluded that the Rhode Island Supreme Court would not create a direct cause of action under Section 21.  See Kurland, 2024 WL 850680, at *10-11; Fosu, 590 F. Supp. 3d at 460.

---

[3] After the parties submitted their briefs, Judge McElroy issued a decision addressing the significance of Jones.  Kurland v. City of Providence, No. 18-cv-440-MSM-LDA, 2024 WL 850680, at *10-11 (D.R.I. Jan. 11, 2024).  She reached the same conclusion, finding that the Rhode Island Supreme Court's holdings undercut that decision.  Id.

Chief Judge McConnell's holding in Fosu, which also involved a public employment relationship, is instructive. There, the Court relied on the state supreme court's practice of refusing to establish direct causes of action under the state constitution when a statutory remedy already exists. Fosu, 590 F. Supp. 3d at 460 (citing Folan, 723 A.2d at 292). Specifically, he reasoned that a direct cause of action was unnecessary, as the Rhode Island Supreme Court had previously recognized that the Rhode Island Civil Rights Act ("RICRA") provides redress for violations of rights under Section 21. Id. (citing Felkner v. R.I. Coll., 203 A.3d 433, 447 (R.I. 2019)).

The Court finds that the Rhode Island Supreme Court would likely refrain from recognizing a direct cause of action under Article 1, Section 21. Like the plaintiff in Fosu, Murray could seek redress for the purported violations of his constitutional rights to free speech and association through state statutory law. See Eastridge v. R.I. Coll., 996 F. Supp. 161, 170 (D.R.I. 1998) (holding that a constitutional cause of action was unnecessary because the Rhode Island General Assembly made statutory remedies available); see also Felkner, 203 A.3d at 447 (noting that plaintiff sought redress for violations of Section 21 under RICRA). Indeed, Murray asserts a claim under the Rhode Island Whistleblowers' Protection Act, R.I. Gen. Laws § 28-50-1, et seq., seeking redress for the harm that he purportedly suffered when

engaging in union-related speech and association.[4]  Furthermore, like Murray's due process clause claim, his freedom of speech and association claims seek relief from a section of Article 1, under which the state supreme court has never directly recognized an implied cause of action.  See Kurland, 2024 WL 850680, at *11.

Accordingly, Defendants' Motion is GRANTED as to Counts IV, V, and VI.[5]

---

[4] Murray asserts that constitutional rights are directly actionable for injunctive and declaratory relief.  Pl.'s Obj. Defs.' Mot. J. Pleadings ("Pl.'s Obj.") 2-3, ECF No. 17.  However, the Rhode Island Supreme Court has already declined to find a direct cause of action under the Rhode Island Constitution when a party had sought injunctive relief.  See Doe v. Brown Univ., 253 A.3d 389, 394, 401 (R.I. 2021); see also First Am. Compl. 15-16, Kurland v. City of Providence, No. 18-cv-440-MSM-LDA (D.R.I. Oct 19, 2020) (ECF No. 33) (requesting injunctive and declaratory relief); Kurland, 2024 WL 850680, at *10-11 (dismissing direct causes of action under Sections 2 and 21 when plaintiff sought injunctive and declaratory relief); Fosu v. Univ. of R.I., 590 F. Supp. 3d 451, 457, 460 (D.R.I. 2022) (same).  Moreover, it is unlikely the state supreme court would recognize a direct cause of action for injunctive or declaratory relief when Murray could seek redress under state statutory law.  See Felkner v. R.I. Coll., 203 A.3d 433, 447 (R.I. 2019).

[5] Murray alternatively requests that the Court certify the question of the enforceability of Article 1, Section 21 to the Rhode Island Supreme Court.  Pl.'s Obj. 8.  The Court may certify questions of law when "there is no controlling precedent in the decisions of the Supreme Court."  R.I. Sup. Ct. R. App. P. 6. Nonetheless, the Court can instead attempt to predict the state court's ruling on an issue "based upon existing state law or 'better reasoned authorities from other jurisdictions."  Mullowney v. USAA Cas. Ins. Co., No. 22-cv-404 WES, 2023 WL 4198665, at *2 n.4 (D.R.I. June 27, 2023) (quoting Lieberman-Sack v. HCHP-NE, 882 F. Supp. 249, 254 (D.R.I. 1995)).  Here, certification is not appropriate, as there exists sufficient state case law for the Court to make a reasoned determination of how the Rhode Island Supreme Court would rule.  See id. ("[T]he mere fact that the Rhode

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings, ECF No. 13, is GRANTED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
District Judge
Date: March 21, 2024

---

Island Supreme Court has not had occasion to address an issue does not, by itself, require certification.").

11